**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cr-00087 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CHRISTOPHER PORTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Government's motion to exclude time from speedy trial calculation

[62] and Defendant's motion to dismiss the indictment [75]. For the following reasons, the Court

grants the Government's motion and denies Defendant's motion.

**Background**

On February 4, 2021, Defendant was arrested for bank robbery. One month later, on March

4, 2021, a Grand Jury returned an indictment charging Defendant with three counts of bank robbery

and one count of brandishing a firearm in relation to one of the bank robberies. Defendant was

arraigned on March 12, 2021, at which time the Court excluded time pursuant to 18 U.S.C.

§ 3161(h)(7)(B)(i) without objection. Defendant thereafter appeared before the Court at multiple

statuses between March 12, 2021 and August 9, 2021, and at each, time was excluded until the next,

ultimately until September 13, 2021. Time was thereafter excluded between September 15, 2021 and

March 22, 2022. On March 23, 2022, the Government filed its motion to exclude time from Speedy

Trial Act calculations from the date of filing to the May 23, 2022 trial date. On April 18, 2022,

Defendant filed his motions in limine, which he later amended on April 21, 2022.

**Discussion**

Motion to Exclude Time

The Government moves the Court to exclude time under Section 3161(h)(7)(A) of the Speedy Trial Act (the "Act") in the interests of justice due to the global pandemic's impact on in-court proceedings. As a result of the COVID-19 pandemic, court operations have been drastically altered as compared to pre-pandemic times. To allow for proper safety precautions such as social distancing and COVID-19 testing of jurors, the District Court can only accommodate a reduced number of jury trials. Though the state of the global health crisis has improved, court operations cannot yet continue as normal. In addition, there remains a significant backlog of cases which await jury trial, putting extra strain on the reduced-capacity trial schedule.

As other courts have found, the brief delay of Defendant's jury trial furthers the ends of justice and outweighs the interest of the defendant and the public to a speedy trial. *See United States v. Olsen*, 21 F.4th 1036, 1046 (9th Cir. 2022) (district court should consider its ability to safely conduct a trial in deciding whether to grant an ends of justice continuance); *United States v. Cruz-Rivera*, No. 21-cr-00160-TWP-DLP, 2021 WL 4169503, at *1 (S.D. Ind. Sept. 14, 2021) ("As many courts have found, the delay of trials because of COVID-19 in general, can further the ends of justice and outweigh the interest of a Defendant and the public to a speedy trial."); *see also United States v. Stearns*, No. 4:21-cr-00039-DN, 2021 WL 2000544, at *1–2 (D. Utah May 19, 2021) (explaining that "[t]he need to conduct trials safely and reduce the backlog of older cases with defendants in custody requires careful triage and prioritization of trials" and that "[f]ailure to take these precautions would result in a miscarriage of justice"). For these reasons, the Court, in its discretion, grants the Government's motion to exclude time to the trial date.

Speedy Trial Act

Defendant moves to dismiss the indictment with prejudice for violation of the Speedy Trial Act, 18 U.S.C. § 3161. The Act entitles criminal defendants to a jury trial that starts within seventy days from the filing date of the indictment or the defendant's initial appearance, whichever is later.

*See Bloate v. United States*, 559 U.S. 196, 198–99, 130 S. Ct. 1345, 176 L. Ed. 2d 54 (2010) (citing 18 U.S.C. § 3161(c)(1)). Defendant agrees that the speedy trial clock began to run on March 4, 2021, the date of the indictment, as to Counts I, II, and III only. Defendant contends the Court should start its calculation as to Count IV on February 4, 2022, the date of Defendant's arrest. Not so. The triggering event, the indictment, applies to all four counts. *Bloate*, 559 U.S. at 199.

The parties agree that time was not excluded from the speedy trial calculation between the date of indictment and Defendant's arraignment, at which the Court excluded time until the next status date. Defendant also agrees, as evidenced by the docket, that time was excluded between March 12, 2021 and March 22, 2022 with one exception and, in many instances, without objection from Defendant. The Government concedes that time was not excluded between September 13 and September 15, 2021. Therefore, until March 22, 2022, at most ten days were put on the speedy trial clock.

On March 22, 2022, the Court set trial to begin on May 23, 2022, which it later rescheduled to May 24, 2022, and did not exclude time until that date. Because the Court grants the Government's motion to exclude time, filed on March 23, 2022, the statutory seventy-day threshold has not been met. Even if the Court denied the Government's motion, the trial schedule would not violate Defendant's statutory right to a speedy trial because the filing of a pretrial motion automatically excludes time from the speedy trial calculation. *United States v. Tinklenberg*, 563 U.S. 647, 655, 131 S. Ct. 2007, 2013, 179 L. Ed. 2d 1080 (2011); *see also* 18 U.S.C. § 3161(h)(1)(D) (delay not to exceed thirty days after the matter is taken under advisement). Therefore, the Government's March 23, 2022 pretrial motion (and Defendant's April 18, 2022 motion) automatically triggered the exclusion of time.

Sixth Amendment Right to Speedy Trial

3

Defendant also moves to dismiss the indictment under the Sixth Amendment, which requires considerations separate from Defendant's statutory right under the Act. To assess whether a defendant's constitutional right to a speedy trial has been violated, the Court considers four factors: "(1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his rights to a speedy trial, and (4) any prejudice the defendant suffered by the delay." *United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019) (internal quotations omitted). The first factor functions as a threshold requirement because "without a delay that is presumptively prejudicial, we need not examine other factors." *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009). Because delay of more than one year is presumptively prejudicial, the first factor is met. *Bell*, 925 F.3d at 376.

The second factor assesses which party is to blame for the delay. *United States v. Hills*, 618 F.3d 619, 630 (7th Cir. 2010). First, Defendant is accountable for a portion of the delay. The Court attributes to the defendant delays resulting from defense counsel's need to prepare for trial. *Hills*, 618 F.3d at 630. On June 11, 2021, Defendant told the Court that he knew his lawyer was not ready for trial. (Dkt. 26.) Subsequently, his counsel withdrew and new counsel appeared after taking time to review the discovery and speak with Defendant. (Dkt. 37.) In addition, delays caused by Defendant's pretrial motions are attributed to Defendant for Sixth Amendment speedy trial purposes. *See United States v. Robey*, 831 F.3d 857, 864 (7th Cir. 2016). Here, Defendant filed pretrial motions to suppress and sever in October 2021. (Dkts. 38, 39.) Defendant also filed pro se motions with the Court, including a motion to withdraw counsel, which required time to resolve, attributable to Defendant. (Dkts. 53, 55.)

Not all delays, however, may be attributed to Defendant. After Defendant's demand for trial on March 4, 2022, the Court set trial for May 23, 2022 (which it subsequently moved to May 24, 2022) in accordance with its COVID-19 jury trial protocol, which requires approximately eight weeks' notice to schedule a jury trial. Though unfortunate, any delay caused by unprecedented

administrative hurdles do not weigh heavily against the Government, if at all. *See United States v. Brooks*, No. 17-CR-01173-5, 2021 WL 2413160, at *6 (N.D. Ill. June 14, 2021) (Blakey, J.) ("Like other courts faced with this question, this Court declines to attribute delay caused by the COVID-19 pandemic to the government.").

The third factor, Defendant's assertion of his speedy trial right, does not weigh heavily in his favor. While Defendant first demanded trial in June 2021, he simultaneously stated that he knew his lawyer was not ready for trial. (Dkt. 26.) After the subsequent substitution of his counsel, Defendant repeatedly did not object to the exclusion of time from the statutory speedy trial calculation and did not file a demand for jury trial until March 4, 2022.

Finally, the Court considers the delay's prejudice to Defendant. "[T]he defendant cannot merely allege possible prejudice, he must show that his defense was impaired such that he suffered actual and substantial prejudice as a result of the delay." *United States v. Koller*, 956 F.2d 1408, 1414 (7th Cir. 1992) (citing *United States v. Deleon*, 710 F.2d 1218, 1223 (7th Cir. 1983)). As long as the Government shows reasonable diligence in its prosecution of the case, a defendant who does not show actual prejudice cannot sustain a Sixth Amendment challenge, no matter the length of delay. *Hills*, 618 F.3d at 632. Defendant fails to identify actual prejudice to him as a result of the delay. Therefore, weighing the factors, the Court holds that Porter's Sixth Amendment right to a speedy trial was not violated.

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss the indictment [75] is denied and the Government's motion to exclude time from speedy trial calculation [62] is granted.

**IT IS SO ORDERED**

Date: 5/12/2022                              Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

5