UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER PORTER

No. 21 CR 87

Judge Sharon Johnson Coleman

**GOVERNMENT'S AMENDED PROPOSED
JURY INSTRUCTIONS AND VERDICT FORM**

The United States of America, by its attorney, JOHN R. LAUSCH, United

States Attorney for the Northern District of Illinois, hereby submits the following

amended proposed jury instructions and verdict form.[1]

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     /s/ Thomas P. Peabody
THOMAS P. PEABODY
M. CLAIRE NICHOLSON
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

---

[1] These instructions add to the initially filed proposed instructions: (1) Government Proposed Instruction 30 regarding brandishing under 18 U.S.C. § 924(c); and (2) a related special-verdict question. The government realized these additions needed to be made after filing its supplemental pretrial order.

Brackets are used throughout these proposed instructions where the appropriateness of the instruction will depend on events or the evidence presented at trial.

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.01

1

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of: (1) bank robbery (Count One); (2) bank robbery (Count Two); (3) using or carrying a firearm during and in relation to the crime of bank robbery (Count Three); and (4) bank robbery (Count Four). Defendant has pleaded not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if they think a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I told you to disregard something, you must not consider it.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.01

4

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

An example of direct evidence that it was raining would be testimony from a witness who said she was outside and saw it raining. An example of circumstantial evidence that it was raining would be testimony that a witness observed someone carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.04

[A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.05

8

[You should not speculate why any other person whose name you may have heard during trial is not currently on trial before you.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
*United States v. O'Connor,* 656 F.3d 630, 645 (7th Cir. 2011)

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented[; and]

- [inconsistent [or consistent] statements or conduct by the witness].

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.02

[You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court.]

[If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.03

[You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose. The other conviction is not evidence of whether the defendant is guilty of the crime he is charged with in this case.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.06

[You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.12

14

You have seen video and audio recordings. This is proper evidence that you should consider together with and in the same way you consider other evidence.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to view and hear the recordings during your deliberations. You may, if you wish, rely on your recollections of what you saw and heard during the trial.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.14 (modified

[Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence. The underlying evidence has also been admitted so that you may determine whether the summaries are accurate. It is up to you to decide how much weight to give to the summaries.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.16

[Certain demonstratives/maps were shown to you to help explain other evidence that was admitted. These demonstratives/maps are not themselves evidence or proof of any facts, so you will not have these particular demonstratives during your deliberations.]

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.18

The indictment charges that each of the crimes happened "on or about" a certain date. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.05

The defendant has been accused of more than one crime. The number of charges is not evidence of guilty and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.06

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.08

Count One of the indictment charges the defendant with bank robbery of Citibank, on or about November 13, 2020. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant took from the person or presence of another money belonging to or in the care, custody, control, management or possession of Citibank;

2. At the time the defendant took the money, the deposits of the bank were insured by the Federal Deposit Insurance Corporation; and

3. The defendant acted to take such money by intimidation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count One, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count One, then you should find the defendant not guilty of that charge.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) at 744, 18 U.S.C. § 2113(a)

"Intimidation" means to say or do something that would make a reasonable person feel threatened under the circumstances. The government is not required to prove that the target of the intimidation actually felt threatened.

A defendant need not make express threats of injury.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) at 746, 18 U.S.C. § 2113(a) (Definition of "Intimidation")

Count Two of the indictment charges the defendant with bank robbery of Chase Bank, on or about December 22, 2020. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant took from the person or presence of another money belonging to or in the care, custody, control, management or possession of Chase Bank;

2. At the time the defendant took the money, the deposits of the bank were insured by the Federal Deposit Insurance Corporation; and

3. The defendant acted to take such money by force and violence, or by intimidation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Two, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count Two, then you should find the defendant not guilty of that charge.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) at 744, 18 U.S.C. § 2113(a)

Count Three of the indictment charges defendant with using or carrying a firearm during and in relation to a crime of violence, namely bank robbery. In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The defendant committed the crime of bank robbery as charged in Count Two of the indictment; and

2. The defendant knowingly used or carried a firearm during and in relation to such crime.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Three, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count Three, then you should find the defendant not guilty of that charge.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) at 315, 18 U.S.C. § 924 (c)(1)(A)

A person acts knowingly if he realized what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.10

"Use" means the active employment of a firearm. The term is not limited to use as a weapon, and includes brandishing, displaying, bartering, striking with, firing, and attempting to fire a firearm.

A person "carries" a firearm when he knowingly transports it on his person.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.), at 324-25 (combined)

"During" means at any point within the offense conduct charged in Count Three of the indictment.

A person uses or carries a firearm "in relation to" a crime if there is a connection between the use or carrying of the firearm and the crime of violence. The firearm must have some purpose or effect with respect to the crime; its presences or involvement cannot be the result of accident or coincidence. The firearm must at least facilitate, or have the potential of facilitating, the crime.

GOVERNMENT INSTRUCTION NO. 28
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.), at 326-27 (combined)

"Firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

GOVERNMENT INSTRUCTION NO. 29
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.), at 329 (modified)

If you find the defendant guilty of the offense charged in Count Three of the indictment, you must then determine whether the government has proven beyond a reasonable doubt that the firearm was brandished.

To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

You will see on the verdict form a question about this issue. You should consider this question only if you have found that the government has proven the defendant guilty of the offense charged in Count Three of the indictment.

If you find that the government has proven beyond a reasonable doubt that the defendant brandished the firearm, then you should answer the question "Yes." If you find that the government has not proven beyond a reasonable doubt that the defendant brandished the firearm, then you should answer the question "No."

GOVERNMENT INSTRUCTION NO. 30
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.), at 331

Count Four of the indictment charges the defendant with bank robbery of Fifth Third Bank, on or about February 4, 2021. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant took from the person or presence of another money belonging to or in the care, custody, control, management or possession of Fifth Third Bank;

2. At the time the defendant took the money, the deposits of the bank were insured by the Federal Deposit Insurance Corporation; and

3. The defendant acted to take such money by force and violence, or by intimidation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Four, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count Four, then you should find the defendant not guilty of that charge.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) at 744, 18 U.S.C. § 2113(a)

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and it should state the date and time. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

**[Read the verdict form.]**

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, the clerk will read the verdict aloud.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.02 (modified)

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT'S PROPOSED INSTRUCTION. 35
Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER PORTER

No. 21 CR 87

Judge Sharon Johnson Coleman

**VERDICT FORM**

With respect to Count One of the indictment, we, the jury, find the defendant,

Not Guilty ☐           Guilty ☐

With respect to Count Two of the indictment, we, the jury, find the defendant,

Not Guilty ☐           Guilty ☐

With respect to Count Three of the indictment, we, the jury, find the defendant,

Not Guilty ☐           Guilty ☐

If you find the defendant guilty of Count Three, you must answer the following question: With respect to Count Three of the indictment, we, the jury, find that the defendant brandished a firearm:

No  ☐           Yes ☐

With respect to Count Four of the indictment, we, the jury, find the defendant,

Not Guilty ☐           Guilty ☐

_____          _____
FOREPERSON

_____          _____


_____          _____

1

_____           _____

_____           _____

_____           _____


DATED: _____